1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11    JAMES CONWAY,

Case No. 5:21-cv-01144-SPG-SP

12                              Plaintiff,

**ORDER GRANTING MOTION TO**
**DISMISS AND MOTION FOR ENTRY**

13            v.

**OF JUDGMENT [ECF NOS. 69, 73]**

14    THE CITY OF PALM DESERT, et al.,

15                              Defendants.

16
17
18
19            Before the Court are Defendant City of Palm Desert's motion to dismiss Plaintiff

20    James Conway's fifth amended complaint pursuant to Federal Rule of Civil Procedure

21    12(b)(6) and Defendants County of Riverside, Deputy Esteban Molina, and Sergeant Joe

22    Ruiz's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure

23    54(b). (ECF Nos. 69, 73). Having considered the parties' submissions, the relevant law,

24    and the record in this case, the Court finds these matters suitable for resolution without a

25    hearing. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. For the

26    reasons set forth below, the Court **GRANTS** Defendants' respective motions.

27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I. **BACKGROUND**

    A. **Factual Background**

      The Court incorporates by reference its recitation of the facts from its prior order granting Defendant City of Palm Desert's ("Palm Desert") and Defendants County of Riverside, Esteban Molina, and Joe Ruiz's (hereinafter, the "County Defendants") motions to dismiss Plaintiff James Conway's second amended complaint. *See* (ECF No. 46).

      Palm Desert hired Plaintiff as a construction-maintenance inspector in June 2002. (ECF No. 68 (Fifth Amended Complaint ("FAC")) ¶ 7).  In 2013, Plaintiff became a code compliance officer for Palm Desert. (*Id.* ¶ 8).  While employed by Palm Desert, Plaintiff regularly played soccer with his coworkers. (*Id.* ¶ 15).  On August 31, 2016, Plaintiff suffered a knee injury playing soccer with Palm Desert employees at the Palm Desert Civic Center. (*Id.* ¶ 16).  Plaintiff took the next day off work to see a doctor for his knee injury. (*Id.* ¶ 17).  Plaintiff made numerous requests to Palm Desert, verbally and through email, for leave to engage in therapy for knee injury. (*Id.* ¶ 18).  Plaintiff then proceeded to engage in physical therapy and rehabilitation for his injury during the next three months. (*Id.*). During that time, Plaintiff intermittently wore a brace to work and kept the brace in his office. (*Id.*).

      Plaintiff's job required him to make various drive-by and on-site inspections of residential, industrial, and commercial areas to note possible violations at these property sites. (*Id.* ¶ 19).  After his knee injury, Plaintiff struggled to perform the activities that his job required, such as squatting, twisting, or walking for long periods of time. (*Id.*).  Plaintiff struggled to get in and out of the raised truck his job required him to drive, "as his knee would buckle and regularly give out while walking." (*Id.*).  Plaintiff therefore requested a larger vehicle to help mitigate the pain from maneuvering in and out of the truck. (*Id.* ¶ 20).  However, Palm Desert refused to provide a bigger truck to accommodate Plaintiff's disability, even though Plaintiff knew that larger vehicles were available. (*Id.*).  Plaintiff also "struggled to perform other essential job functions, including climbing ladders,

walking up staircases in properties he was inspecting, and moving through yards and properties with various obstacles and hazards." (*Id.* ¶ 21).

On November 18, 2016, nearly three months after Plaintiff sustained his injury, he received MRI results indicating "a complete tear of his meniscus, a chronically/completely torn ACL, and cartilage loss." (*Id.* ¶ 23). At some point while working for Palm Desert, Plaintiff repeatedly requested to take time off to receive surgery. (*Id.* ¶ 24). Palm Desert initially told Plaintiff he could not take time off due to staffing levels. (*Id.* ¶ 25). Plaintiff's supervisor also made negative comments about Plaintiff taking time off. (*Id.*). Palm Desert "never engaged in an interactive process to explore possible accommodations for the injury," such as planning Plaintiff's surgical leave. (*Id.* ¶ 26). Plaintiff continued to perform his job duties in pain without any accommodation until July 2019 when Plaintiff again requested surgical leave. (*Id.* ¶¶ 27–28). Palm Desert granted Plaintiff's request, and Plaintiff's received his surgery on September 30, 2019. (*Id.* ¶ 28).

## B. Procedural History

Plaintiff commenced this case on July 8, 2021, and filed his second amended complaint ("SAC") on November 5, 2021. (ECF No. 14). The County Defendants filed a motion to dismiss counts nine, ten, and twelve in Plaintiff's SAC. (ECF No. 16). Palm Desert filed a motion to stay or, alternatively, to dismiss counts two, three, seven, and eleven. (ECF No. 19). On September 6, 2022, the Court dismissed with prejudice counts two, nine, and twelve; dismissed without prejudice counts three, seven, and ten; and denied Palm Desert's motion to dismiss the SAC's eleventh cause of action. (ECF No. 46 (the "September 6 Order")).

After the Court issued the September 6 Order, the Riverside County Superior Court ("Superior Court") denied Plaintiff's Petition in the administrative proceeding, finding that Plaintiff had "not established that the decision to terminate was an abuse of discretion or that he was denied a fair hearing." (ECF No. 59-10). The Superior Court found that Palm Desert had an "adequate justification for the termination based on the disruption to its relationship with the Sheriff's Department resulting from [Plaintiff's] attempt to use his

position as a Code Compliance Officer with the City and his relationships with other deputies to influence the Sheriff's deputies in performance of their duties." (*Id.*).   On February 1, 2023, the California Court of Appeal dismissed Plaintiff's appeal of the Superior Court's decision for failure to pay the statutory filing fee. *See* (ECF No. 59-14).

Plaintiff then filed his fourth amended complaint on February 3, 2023. (ECF No. 52).   The County Defendants moved to dismiss count seven in the fourth amended complaint, (ECF No. 56), and Palm Desert moved to dismiss the remaining causes of action. (ECF No. 59).  Palm Desert argued that the second and third causes of action should be dismissed because Plaintiff did not plausibly allege a qualifying disability under California's Fair Employment and Housing Act ("FEHA"), given Plaintiff's allegations that he worked competently and capably throughout his employment. (ECF No. 59-1 at 13–14).

On April 17, 2023, the Court dismissed Plaintiff's complaint in its entirety.  (ECF No. 67 (the "April 17 Order")).  As is relevant here, the Court found Plaintiff did not allege that he provided Palm Desert with information about the nature of his disability and resulting limitations. (*Id.* at 11).  However, because Plaintiff had not yet had an opportunity to amend these claims, the Court dismissed Plaintiff's second and third causes of action without prejudice to address the deficiencies discussed in the April 17 Order.

On May 1, 2023, Plaintiff filed the operative Fifth Amended Complaint, reasserting causes of action for (1) Failure to Engage in Good Faith Interactive Process, in violation of Government Code § 12940(n); and (2) Failure to Provide Reasonable Accommodations, in violation of Government Code § 12940(m). (ECF No. 68).  On May 15, 2023, Palm Desert moved to dismiss Plaintiff's FAC.  (ECF No. 69 ("Mot.")).  Plaintiff opposed on May 30, 2023.  (ECF No. 72 ("Opp.")).  Palm Desert replied on June 21, 2023.  (ECF No. 78).  In addition, on June 6, 2023, the County Defendants moved for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).  (ECF No. 73).

## II.    MOTION TO DISMISS

### A.    Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  When resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

When ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal is affirmed only if it appears beyond doubt that [the] plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *City of Almaty v. Khrapunov*, 956 F.3d 1129, 1131 (9th Cir. 2020) (internal citation and quotation marks omitted).  However, the Court is "not required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice,

or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citing *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).  The Court is further not required to accept as true "threadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 663.

### B.   Statute of Limitations

To bring a claim under the FEHA, an employee must exhaust his or her administrative remedies with Department of Fair Employment and Housing ("DFEH"). *See Parlor v. Pernod Richard USA, LLC*, No. 8:21-cv-01865-JLS-DFM, 2022 WL 17222231, at *2 (C.D. Cal. Aug. 11, 2022).  "Exhaustion includes the timely filing of administrative complaints addressing the claims and parties at issue, as well as the procurement of right-to-sue letters." *Id.*[1]  In general, a plaintiff's "failure to affirmatively plead administrative exhaustion requires dismissal of the [amended complaint]." *Id.* (citing *Goode v. St. Judge Med.*, No. CIV S–08–0302 MCE EFB PS, 2009 WL 3824788, at *5, *8 (E.D. Cal. Nov. 16, 2009)).

Prior to January 1, 2020, the FEHA "provided that no administrative complaint alleging a violation of its provisions could be filed with the DFEH 'after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred.'" *Pollock v. Tri-Modal Distrib. Servs., Inc.*, 11 Cal. 5th 918, 931 (2021) (citing

---

[1] The administrative exhaustion requirement is often referred to as a "jurisdictional prerequisite," including requirements such as timely filing a sufficient complaint with the DFEH and obtaining a right-to-sue letter." *Parlor*, 2022 WL 17222231, at *2 (quotations and citations omitted).  Palm Desert argues that failing the jurisdictional prerequisite to plead and prove timely exhaustion of administrative remedies warrants dismissal under Federal Rule of Civil Procedure 12(b)(1).  However, whether Plaintiff has exhausted administrative remedies has no bearing on whether this Court has federal subject matter jurisdiction.  *See Allen v. INC Rsch.*, No. CV 18-5905-GW(JEMx), 2018 WL 11351568, at *3 (C.D. Cal. Nov. 29, 2018) (holding that failure to meet the exhaustion requirements of the FEHA does not deprive a federal district court of subject matter jurisdiction).  Thus, the Court will determine whether the FAC should be dismissed under Federal Rule 12(b)(6), not 12(b)(1).

former Cal. Gov't Code § 12960(d)).  Effective January 1, 2020, California amended the law by changing the one-year limitations period to three years.  Cal. Gov't Code § 12960(e)(3); *see Pollock*, 11 Cal. 5th at 931 ("The current statute uses virtually identical language but allows for a period of three years.").  However, California Assembly Bill No. 9 expressly prohibits retroactive application of the newly enlarged limitations period.  *See* A.B. No. 9 § 3, 2019-20 Sess. (Cal. 2019) ("This act shall not be interpreted to revive lapsed claims."); Cal. Gov't Code § 12960(f)(3) (noting that the tolling provision "is not intended to revise claims that have already lapsed").  Therefore, the former one-year statute of limitations applies to any FEHA claim that accrued more than one year before January 1, 2020, while the current three-year period applies to any FEHA claim that accrued less than one year prior to, or after, January 1, 2020.  *See Gillespie v. Centerra Servs. Int'l, Inc.*, No. EDCV 21-2028 JGB (SHKx), 2022 WL 16964007, at *8 (C.D. Cal. Sept. 7, 2022); *see also Streets v. Space Sys./Loral, LLC*, No. 20-cv-07901-EJD, 2021 WL 4146962, at *4 (N.D. Cal. Sept. 13, 2021) (holding that the three-year statute of limitations period effective January 1, 2020, does not revive lapsed claims).

Palm Desert contends that the FAC must be dismissed because it does not affirmatively plead that Plaintiff exhausted his administrative remedies.  Specifically, Palm Desert argues that none of the alleged FEHA violations occurred within the applicable statute of limitations period.  *See* (Mot. at 9–10).  Plaintiff responds that his claims are not barred by the statute of limitations under the relation-back and continuing violations doctrines.  (Opp. at 10–12).

As pleaded, Plaintiff has failed to exhaust his administrative remedies.  *See Parlor*, 2022 WL 17222231, at *2 (holding that plaintiff has the burden of pleading and proving timely exhaustion of administrative remedies).  Plaintiff filed his DFEH complaint and received a right-to-sue letter on January 19, 2021.  (ECF No. 69-3, Ex. 1 at 2–3).[2]

_____

[2] The Court grants Palm Desert's unopposed request to take judicial notice ("RJN") of the administrative filings from the underlying proceedings.  (ECF No. 69-3).  *See* Fed. R. of Evid. 201; *see also Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th

Accordingly, Plaintiff's claims are not time-barred only if the FAC alleges that unlawful conduct giving rise to his remaining FEHA claims occurred on or after January 1, 2019. *See Gillespie*, 2022 WL 16964007, at \*8 (holding that three-year limitations period under § 12960 only applies to FEHA claims accruing on or after January 1, 2019).

Plaintiff alleges that his FEHA claims accrued when Palm Desert denied Plaintiff's reasonable accommodation requests and terminated him without engaging in an interactive process after his surgery. *See* (FAC ¶¶ 62, 68).  Under California law, a claim accrues "at the moment when the party alleging injury is entitled to begin and prosecute an action thereon." *Pollock*, 11 Cal. 5th at 931.  According to the FAC, Plaintiff suffered a knee injury on August 31, 2016.  (FAC ¶¶ 16–17).  Plaintiff made numerous requests to Palm Desert, verbally and through email, for leave to engage in therapy for his disability.  (*Id.* ¶ 18).  However, based on the allegations in the FAC, Palm Desert did not deny these requests, as Plaintiff alleges that he proceeded to engage in physical therapy and rehabilitation for three months after his injury.  *See* (*id.*).  On November 18, 2016, Plaintiff's MRI results indicated "a complete tear of his meniscus, a chronically/completely torn ACL, and cartilage loss." (*Id.* ¶ 23).  Plaintiff alleges—without providing dates—that he made numerous requests for a larger vehicle to mitigate the pain from his injury and that Palm Desert denied these requests even though Plaintiff knew larger vehicles were available.  *See* (*id.* ¶ 20).  Plaintiff also alleges—without providing dates—that he repeatedly requested leave to receive surgery, that Palm Desert denied his requests due to staffing levels, and that Plaintiff's supervisor made negative comments about Plaintiff taking time off.  *See* (*id.* ¶¶ 24–25).  The next date that Plaintiff provides is July 2019, when Plaintiff again requested surgical leave for his knee injury.  *See* (*id.* ¶ 28).  Palm Desert granted this request, and Plaintiff scheduled his surgery for September 30, 2019. *See* (*id.*).

---

Cir. 2006) (holding that it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings, briefs, memoranda, motions, and transcripts filed in the underlying and related litigation).

1    Based on the facts alleged in the FAC, the Court finds that Plaintiff fails to show he

2  timely exhausted his administrative remedies because Plaintiff does not allege any facts

3  giving rise to a potential FEHA violation that occurred within the applicable statute of

4  limitations—on or after January 1, 2019.  The only potential allegations that could give

5  rise to Plaintiff's FEHA claims are Palm Desert's denials of Plaintiff's accommodation

6  requests.[3]  *See Alejandro v. ST Micro Elecs., Inc.*, 129 F. Supp. 3d 898, 911 (N.D. Cal.

7  2015) (finding that denial of a plaintiff's reasonable accommodation requests for time off

8  due to a medical condition could state claims for failure to provide reasonable

9  accommodation and failure to engage in a good faith interactive process).  However,

10  Plaintiff omits whether those denials occurred on or after January 1, 2019.[4]  *See Gillespie*,

11  2022 WL 16964007, at *2 (dismissing complaint because the plaintiff failed to

12  affirmatively plead administrative exhaustion).  Indeed, the only relevant event that

13  transpired on or after January 1, 2019, is Plaintiff's request for surgery in July 2019, which

14  Palm Desert granted, and thus cannot constitute a FEHA violation.  *See* (FAC ¶ 28).

15  Accordingly, Plaintiff's allegations are time-barred under the FEHA unless they can be

16  preserved by an applicable tolling doctrine.

17    Plaintiff contends that his FEHA claims are timely under the relation-back and

18  continuing violation doctrines.  (Opp. at 10–11).  The relation-back doctrine concerns

19  whether newly added causes of action in an amended complaint that fall outside the

20  limitations period can avoid the statute of limitations by relating back to a timely original

21  complaint.  *See, e.g.*, *Boyd v. Autozone, Inc.*, No. C 11-00776 JSW, 2011 WL 13153245,

22  at *2–3 (N.D. Cal. Mar. 28, 2011) (finding that untimely FEHA claims in the plaintiff's

23  _____

24  [3] If Plaintiff intended to allege that his termination constituted a FEHA violation, *see* (FAC
¶ 62), this allegation would be barred by claim preclusion.  As the Court held in its April

25  17 Order, causes of action based on the same primary right—Plaintiff's right to continued

26  employment in this instance—are precluded by the administrative decision's conclusion
that Palm Desert had just cause to terminate Plaintiff.  (April 17 Order at 6–8).

27  [4] For reasons explained more fully in Section III.B below, Plaintiff also fails to allege why

28  a larger vehicle would constitute a reasonable accommodation.

first amended complaint were not time-barred because they related back to the same general set of facts, injury, and injury-causing instrumentality in the timely filed original complaint); *Jones v. Schneider Nat'l Carriers, Inc.*, No. EDCV 12-01421 JGB (OPx), 2013 WL 12439019, at *3 (C.D. Cal. Jan. 28, 2013) (holding that untimely FEHA claims are not time-barred even if they were not alleged in the original civil complaint as long as they relate back to allegations in a timely DFEH complaint). Here, even if the FAC relates back to Plaintiff's original civil or DFEH complaint, the relation-back doctrine cannot save Plaintiff's claims because neither the original civil complaint nor the DFEH complaint allege that FEHA violations occurred within the applicable limitations period. The only allegation in the original civil complaint related to Plaintiff's knee injury is Plaintiff's request for surgical leave in July 2019, which Defendant granted, and thus cannot constitute a FEHA violation. *See* (ECF No. 1 ¶ 22). Likewise, according to Plaintiff's DFEH complaint, Plaintiff injured his knee in 2017 and went to the doctor in the days immediately following the injury, where his doctor determined that he would need surgery. (RJN, Ex. 1 at 6). "After receiving the prognosis of his knee damage," Plaintiff requested extended surgical leave, but his supervisor denied his accommodation request due to a staffing shortage. (*Id.*). Like the original complaint and the FAC, the only date in the DFEH complaint that identifies when Plaintiff made a request on or after January 1, 2019, is when Plaintiff requested surgical leave in July 2019, which was granted. (*Id.*). Given that neither the original civil complaint nor the DFEH complaint allege that FEHA violations occurred within the applicable limitations period, the relation-back doctrine cannot remedy Plaintiff's time-barred claims.

Plaintiff's claims fare no better under the continuing violation doctrine. This doctrine "allows liability for unlawful employer conduct occurring outside the statute of limitations if it is sufficiently connected to unlawful conduct within the limitations period." *Moreno v. City of Porterville*, No. 1:21-cv-00865-JLT-BAM, 2022 WL 14128245, at *6 (E.D. Cal. Oct. 24, 2022) (citation omitted). However, as stated above, the FAC fails to

allege any conduct that falls within the applicable statute of limitations period. Accordingly, the continuing violation doctrine does not apply here.

In sum, as alleged in the FAC, Plaintiff's remaining FEHA claims are untimely and must be dismissed. Because it is possible for Plaintiff to cure these deficiencies by providing additional dates that fall within the statute of limitations to support his claims, the Court finds that leave to amend may be warranted despite this being Plaintiff's sixth complaint. Before granting leave to amend, however, the Court goes on to discuss whether Plaintiff has cured the deficiencies this Court previously addressed in the April 17 Order.

### C. Whether Plaintiff Pleads Sufficient Facts to State a Claim

"Under section 12940, subdivision (m), it is an unlawful employment practice for an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." *Doe v. Dep't of Corr. & Rehab.*, 43 Cal. App. 5th 721, 738 (2019) (quotation marks and alterations omitted). "The elements of a failure to accommodate claim are: (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability." *Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *21 (N.D. Cal. May 30, 2018) (quotations and citations omitted). The FEHA "requires an employer to accommodate only a '*known'* disability." *Doe*, 43 Cal. App. 5th at 738 (emphasis in original). "Thus, the duty of an employer reasonably to accommodate an employee's handicap does not arise until the employer is aware of respondent's disability and physical limitations." *Id.* (quotation marks and alterations omitted). "The employee bears the burden of giving the employer notice of his or her disability." *Id.* Moreover, "[w]here the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the employee bears the burden to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Id*. at 738–39 (quotation marks and alterations omitted).

1    Section 12940(n) requires employers "to engage in a timely, good faith, interactive

2 process with the employee or applicant to determine effective reasonable accommodations,

3 if any, in response to a request for reasonable accommodation by an employee . . . with a

4 known physical or mental disability or known medical condition." *Suarez*, 2018 WL

5 2431473, at *21 (citing Cal. Gov't Code § 12940(n)). "To prevail on a failure to participate

6 claim, a plaintiff must show she (1) has a disability covered by FEHA and known to the

7 defendant; (2) she requested the defendant make a reasonable accommodation for her

8 disability so she would be able to perform the essential job requirements; (3) she was

9 willing to participate in an interactive process to determine whether a reasonable

10 accommodation could be made so she could perform the essential job requirements; and

11 (4) the defendant failed to participate in a timely good faith interactive process to determine

12 whether reasonable accommodation could be made." *Id.* (citing *Gelfo v. Lockheed Martin

13 Corp.*, 140 Cal. App. 4th 34, 61–62 (2006)).

14    In the April 17 Order, the Court concluded that Plaintiff failed to allege that he

15 provided Palm Desert with sufficient information about the nature of his disability and

16 resulting limitations. (ECF No. 67 at 11). The Court found that Plaintiff alleging he

17 requested time off for surgery, without more, was not enough. (*Id.*). Given that "pain

18 alone without some corresponding limitation on activity is insufficient to establish a

19 disabling impairment," *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 348 (2008), the

20 Court concluded that Plaintiff alleging he worked in pain without alleging that he was

21 limited or that he needed accommodations was insufficient. (ECF No. 67 at 11). The Court

22 also concluded that Palm Desert could not have known that Plaintiff required an

23 accommodation or that it had a duty to engage in an interactive process because Plaintiff

24 continued to competently perform his job without any accommodation for over a year.

25 (*Id.*). Since the fourth amended complaint failed to allege facts demonstrating Palm Desert

26 was on notice of Plaintiff's disability or his inability to perform his job duties without an

27 accommodation, the Court dismissed these claims with leave to amend. (*Id.*).

28

As a threshold matter, Palm Desert argues that the FAC still does not plausibly allege facts demonstrating a qualifying disability under the FEHA, particularly given that Plaintiff was able to perform his job duties competently and capably without accommodation while only intermittently wearing a knee brace.  (Mot. at 22–23).  In Opposition, Plaintiff responds that his knee injury qualifies as a disability under the FEHA because it impacted his ability to enjoy a major life activity.  (Opp. at 14).

Under the FEHA, "[a] physical disability is defined as a physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that limits a major life activity, including working, and affects one or more of the systems mentioned in the code." *Lopez-Rodriguez v. Kern Med. Surgery Ctr., LLC*, No. 1:20-cv-01187-ADA-CDB, 2022 WL 17904540, at *4 (E.D. Cal. Dec. 23, 2022).  "A disability limits a major life activity if it makes the achievement of the major life activity difficult. Major life activities are broadly construed and include activities that are physical, mental, or social, and working." *Id.* (quotations and citations omitted).

According to the FAC, Plaintiff returned to work with several limitations and struggled performing activities that his job required, including squatting, twisting, walking for long periods of time, getting in and out of his truck, climbing ladders, walking up staircases, and moving through properties with various obstacles.  (*Id.* ¶¶ 19, 21).  Plaintiff alleges that, after his injury, Plaintiff intermittently wore a brace to work, kept the brace in his office, and made numerous requests for leave to engage in therapy for his disability.  (*Id.* ¶ 18).  Plaintiff further alleges he struggled to perform activities that his job specifications required, such as squatting, twisting, walking for long periods of time, climbing ladders, walking up staircases, and moving through yards and properties with various obstacles and hazards.  (*Id.* ¶¶ 19, 21).  Plaintiff also struggled to get in and out of his raised truck, "as his knee would buckle and regularly give out while walking."  (*Id.* ¶ 19).  Plaintiff made numerous requests for a larger vehicle to mitigate the pain and difficulty of getting in and out of his truck.  (*Id.* ¶ 20).  Plaintiff also alleges that MRI results on November 18, 2016, indicating "a complete tear of his meniscus, a

chronically/completely torn ACL, and cartilage loss," highlighted the severity of his injury. (*Id.* ¶ 23).

The Court finds that Plaintiff sufficiently alleges a disability under the FEHA, given that the FAC lists the specific conditions of Plaintiff's knee injury through the MRI results. *See* (FAC ¶ 23); *Alejandro*, 129 F. Supp. 3d at 908 ("By listing the specific conditions from which Plaintiff suffers, Plaintiff satisfies the requirement that the FAC allege his disability with specificity."). The Court also finds that Plaintiff sufficiently alleges his condition limited a major life activity. In *Alejandro*, the court found that the plaintiff sufficiently alleged his condition limited at least two major life activities when he alleged that he was "unable to move or communicate effectively." 129 F. Supp. 3d at 908. Here, Plaintiff similarly alleges that his injury affected his ability to move effectively. For instance, Plaintiff "struggled to get in and out of his raised truck, as his knee would buckle and regularly give out while walking." (FAC ¶ 19). Further, Plaintiff specifically alleges that his injury affected his ability to complete tasks that his job required. (*Id.* ¶¶ 19, 21). Given that "major life activities" under the FEHA include physical activities, the Court finds Plaintiff sufficiently alleges that his knee injury limited a major life activity by affecting his ability to move effectively and complete his job duties.

The Court disagrees with Palm Desert's contention that Plaintiff fails to allege a qualifying disability under the FEHA because Plaintiff alleged that he was able to work competently and capably without accommodation for years. (Mot. at 22). Plaintiff's allegations resemble those in *Lopez-Rodriguez*, where the court found that the plaintiff sufficiently alleged a physical disability under the FEHA despite the complaint's inconsistent allegations. 2022 WL 17904540, at *6. There, the plaintiff alleged that her arthritis made it harder for her to perform her job duties, but also that she was able to competently perform her job. *Id.* at *7. The defendants argued that the plaintiff's contradictory allegations should have precluded finding a disability under the FEHA because the plaintiff conceded she could perform her job without accommodation. *Id.* at *6. Notwithstanding the plaintiff's inconsistent allegations, the court found that the

plaintiff sufficiently pled a qualifying disability under the FEHA. *Id.* at *7. Here, like in *Lopez-Rodriguez*, Plaintiff alleges that his knee injury made it difficult for him to perform his job duties, even though he managed to work competently and capably after his injury. (FAC ¶¶ 7, 19, 21). Thus, the Court finds that Plaintiff adequately pleads he suffered from a disability under the FEHA.

Palm Desert next contends that Plaintiff still does not allege facts showing Palm Desert's knowledge of Plaintiff's work limitations. (Mot. at 22). Palm Desert argues that it could not have known of Plaintiff's limitations because Plaintiff capably performed his job duties without accommodation for years and because Plaintiff only intermittently wore a knee brace. (*Id.* at 22–23). Palm Desert also argues that Plaintiff taking time off and requesting time off for surgery—without more—does not show Palm Desert was aware of any limitations. (*Id.* at 23). Plaintiff responds that Palm Desert knew Plaintiff struggled to perform his job because Palm Desert saw that Plaintiff wore a brace to work and because Plaintiff repeatedly requested accommodations, including time off for surgery and a larger vehicle. (Opp. at 16).

"Failure to accommodate and failure to engage in the interactive process claims both require the plaintiff to take the first step and notify her employer of her disability and need for accommodation." *Suarez*, 2018 WL 2431473, at *22 (citing *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007)). "Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the employee bears the burden to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Doe*, 43 Cal. App. 5th at 738–39; *Alejandro*, 129 F. Supp. 3d at 911 ("An employee cannot demand clairvoyance of his employer."). General knowledge of certain symptoms of an employee's disability is insufficient. *See Issaian v. J.B. Hunt Transp. Servs., Inc.*, No. 2:20-cv-00732-SVW-MAA, 2021 WL 2450784, at *5 (C.D. Cal. May 14, 2021). "'While knowledge of the disability can be inferred from the circumstances, knowledge will only be imputed to the employer when the fact of disability is the only reasonable interpretation of the known facts.'" *Avila*

-15-

1    *v. Cont'l Airlines, Inc.,*165 Cal. App. 4th 1237, 1248 (2008) (quotations and citations

2    omitted). "Vague or conclusory statements revealing an unspecified incapacity are not

3    sufficient to put an employer on notice" of a disability under the FEHA. *Id.* "[An]

4    employer's knowledge that [an] employee had taken a substantial amount of leave for

5    medical appointments" can fall short of demonstrating the employer's awareness of a

6    disability. *See id.* at 1249 (quotations and citations omitted).

7        The Court finds that Plaintiff still has not sufficiently alleged that Palm Desert knew

8    of his disability, resulting limitations, and necessary reasonable accommodations. Palm

9    Desert may have known about Plaintiff's disability from seeing Plaintiff intermittently

10   wear a knee brace and struggle moving. This alone, however, does not sufficiently allege

11   that Palm Desert knew about the extent of the limitations caused by the disability and the

12   particular accommodations Plaintiff required. Indeed, while the FAC provides more

13   information about how Plaintiff wore a knee brace to work and struggled to perform

14   physical activities that his job required, these allegations are insufficient to turn Palm

15   Desert's "general knowledge of certain symptoms of [Plaintiff]'s disability" into

16   knowledge of "the particular accommodations required." *See Issaian*, 2021 WL 2450784,

17   at *5 (finding the defendant was not on sufficient notice of plaintiff's disability because

18   plaintiff's statements that he was in pain and his visible limping "would not have made

19   clear to [defendant] the scope of any restrictions required").

20       For example, in *Doe*, the court found that the doctor's notes explaining the plaintiff

21   was "easily distracted and, under stress, can become disorganized" were insufficient to

22   place the plaintiff's employer on notice that the plaintiff suffered from asthma and dyslexia,

23   or inform the employer of the extent of plaintiff's disabilities, or the extent of the "work

24   limitations his asthma and dyslexia caused." 43 Cal. App. 5th at 739. The court thus

25   affirmed the denial of a plaintiff's claims for failure to provide reasonable accommodation

26   and failure to engage in an interactive process. *Id.*

27       Like in *Doe*, Plaintiff alleges he received MRI results highlighting the severity of

28   his injury. However, Plaintiff does not allege that he ever provided those MRI results to

Palm Desert. *Cf. Suarez*, 2018 WL 2431473, at *22 (finding the plaintiff had not informed her employer that she had diabetes and needed to regulate her blood sugar levels by taking uninterrupted meal breaks because, despite plaintiff alleging in her complaint that she provided her employer with a doctor's note, plaintiff did not attach the note to her complaint or allege the contents of the note). Plaintiff argues for the first time in Opposition that he provided Palm Desert with medical documentation supporting his need for leave and surgery. (Opp. at 17). However, none of the allegations he cites from the FAC support this proposition. Plaintiff may not make additional allegations for the first time in Opposition to a motion to dismiss. *See, e.g.*, *578539 B.C., Ltd. v. Kortz*, Case No. CV 14-04375 MMM (MANx), 2015 WL 12670488, at *9 (C.D. Cal. Apr. 10, 2015) (declining to consider "facts referenced for the first time in the opposition to a motion to dismiss in deciding the motion" (citations omitted)). Nevertheless, even if Plaintiff gave Palm Desert the MRI results, Plaintiff still fails to allege that Palm Desert was on notice of the workplace limitations he suffered as a result of his torn ACL or of the particular accommodations he required, such as leave for surgery or a larger vehicle. *See King*, 152 Cal. App. 4th at 444 (finding that the employer's duty to provide accommodation was not triggered where the plaintiff did not "produce clear and unambiguous doctor's orders" requiring the accommodation that the plaintiff requested). In fact, Plaintiff continued working capably for multiple years after his injury. *See* (FAC ¶ 27 ("Conway continued to perform his job duties in pain without any accommodation for his injury.")). Further, as Palm Desert points out, Plaintiff does not explain why his difficulty with getting in and out of a raised truck would have been ameliorated by using an even larger vehicle. *See* (FAC ¶ 20 ("After his injury, Conway requested a larger vehicle on numerous occasions to mitigate the pain and difficulty in maneuvering in and out of his vehicle.")). Accordingly, Plaintiff still fails to allege facts demonstrating that Palm Desert was on notice of any limitations caused by Plaintiff's disability and the particular accommodations he required.

### D. Leave to Amend

Where amendment would be futile, district court's retain discretion to deny leave to amend. *Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). "[T]he court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint . . . ." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)). Here, Plaintiff has failed to cure the deficiencies in his Complaint as specified in the Court's April 17 Order and has already had five opportunities to state a claim in this case. Having failed to do so yet again, the Court finds that further leave to amend would be futile. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming denial of leave to amend where amended complaint failed to cure defects identified in order dismissing prior complaint).

## III. MOTION FOR JUDGMENT

Ordinarily, the Court's ability to issue a judgment is constrained by the "one final judgment" rule. *See Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). However, when an action involves multiple parties or claims, district courts have the discretion to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). To qualify for the entry as a separate judgment under Rule 54(b), the judgment at issue must be a "final judgment." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). The Court must expressly make findings that there is no "just reason for delay." Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). The Court's findings must show that (1) the "interrelationship of the claims" will not lead to "piecemeal appeals"; and (2) the equities—such as "efficient judicial administration," prejudice, and delay—warrant a separate judgment. *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084–85 (9th Cir. 2010).

Here, the County Defendants move for entry of judgment after the Court granted their motion to dismiss in its entirety. (ECF No. 73). Plaintiff argues that the County Defendants have failed to show prejudice by having to wait until this litigation concludes. Ultimately, the Court need not decide whether judgment should issue under Rule 54(b) because, for the reasons stated above, Plaintiff's remaining claims against Palm Desert are hereby dismissed with prejudice. Accordingly, "one final judgment" will suffice.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Palm Desert's motion to dismiss with prejudice, i.e., without leave to amend. The Court also **GRANTS** the County Defendants' motion for judgment. Defendants shall submit a proposed form of judgment consistent with this order within fourteen (14) calendar days of the date of this order.

**IT IS SO ORDERED.**

DATED:  July 25, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE